THE PEOPLE OF THE STATE OF NEW YORK ex rel. 180 VARICK STREET CORPORATION, Relator, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, and Constituting the Board of Taxes and Assessments of Said City, Respondents.

Supreme Court, Special Term, New York County, December 2, 1937.

*Louis Boehm,* for the relator.

*Paul Windels, Corporation Counsel* [*Joseph B. Glebocki* and *Lawrence J. Rittenband* of counsel], for the respondents.

McLAUGHLIN (CHARLES B.), J.   These proceedings in certiorari were brought to review tax assessments on real property for the years 1934, 1935 and 1936.   The real property in question is situated at 180 Varick street, borough of Manhattan, city of New York. The improvement upon the property is a seventeen-story basement and loft building constructed in May of the year 1930.   The dimensions of the improvement are 201 feet on Varick street, 96.11 feet on Charlton street, and 98.2 feet on King street.   The assessments for both land and building were $1,700,000 for 1934 and $1,650,000 for each of the years 1935 and 1936.   The matters were referred to an official referee, who reports that all the assessments should be upheld.   Final disposition of the matter is now before this court upon cross-motions to confirm and disaffirm the report of the official referee.

A review of these proceedings discloses that in 1932 the same property involved in the present proceedings was assessed for the tax year 1933 in the sum of $1,780,000.   This figure was reduced by judgment of this court to the sum of $1,500,000.   The relator advances the contention that this prior judgment is *res adjudicata*. The case of *People ex rel. Warren* v. *Carter* (119 N. Y. 557) indicates that where the assessors remained the same over successive assessment periods and no change affecting assessable values occurred over the course of these periods, then the doctrine of *res adjudicata* would apply.   However, the decisions in general indicate that this rule is not followed except in the circumstances set forth in the *Warren* case.   The parties to the succeeding cases must remain the same and no change affecting values must have taken place. (*People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513; *People ex rel. Norwich Pharmacal Co.* v. *Porter*, 228 App. Div. 54; *Matter of St. Lawrence Transmission Co.* v. *McAvoy*, 137 Misc. 603, 610.)   The court may justifiably start with the premise that the prior adjudication of this court fixing the assessment for the tax year of 1933 is binding upon all parties as to the assessment for that year.   It may be assumed further that if no change in values took place in the years succeeding that determination the valuation as so found would be binding.   A consideration of the facts before the court shows that a change in values *did* take place within the succeeding years.   It further appears that all the respondents in the present proceeding are different than those who appeared in the prior one. Under the decisions heretofore cited, therefore, *res adjudicata* is not here applicable.

However, the court should give consideration to the presumption that a state of facts once proved to exist is presumed to continue for a certain length of time.   (*MacRae* v. *Chelsea Fibre Mills*, 145

App. Div. 588; *Wilkins* v. *Earle*, 44 N. Y. 172, 192; *Matter of Huss*, 126 id. 537, 542.) Despite its fluctuating character, it has been held that value also falls under the influence of this presumption. (*Bexar Bldg. & Loan Assn.* v. *Seebe*, [Tex. Civ. App.] 40 S. W. 875; *Howland* v. *Davis*, 40 Mich. 545; 9 Ency. of Ev. 911.) The only inference to be drawn from the testimony in this case is that there was no change of any values for the tax periods of 1934 and 1935. That is also the experience of this court based upon many proceedings involving the value of real estate in this city. This general condition was reflected in the property here involved. The presumption is, therefore, that, in the absence of a proper showing to the contrary, the assessment previously fixed by this court continued to be the true value of the property herein for the tax year periods of 1934 and 1935. This court finds, however, that thereafter there was an upward trend or increase in the value of the property under consideration, with the result that the assessment for the tax year period of 1936 should be fixed in the sum of $1,650,000.

It is unnecessary for the court to consider the question as to whether the issue of inequality has been properly raised by the petitioner. It does appear that the respondents did not move to quash the writ before filing their return. It appears further that upon the evidence adduced before the learned referee no inequality was shown.

In the situation here disclosed the court has not restricted its method of approach toward a solution of the problem to any one rule of valuation, but has considered all the proper elements affecting the value either from a structural or a real estate standpoint. The fact that the relator is receiving a somewhat handsome return from its property based upon leases entered into prior to the depression period is, of itself, not determinative of the proper valuation. The reasonable earning capacity of the property or its rental value has also been given due consideration.

The assessment for the years 1934 and 1935 is fixed in the sum of $1,500,000. The assessment for the year 1936 is fixed in the sum of $1,650,000.

Motions numbered 10, 11, 32, 33 and 34 of September 28, 1937, are consolidated with this motion, number 9 of the same date, and are disposed of in accordance with this memorandum. The report of the referee is confirmed with respect to the assessment fixed for the tax year 1936. The report is modified to the extent that the assessment for the tax years 1934 and 1935 is fixed at $1,500,000. Settle one order on all six motions.