**Martha E. COTT, Appellee,**

v.

**BOARD OF REVIEW OF the CITY OF AMES, Iowa, Appellant.**

**No. 88–454.**

Supreme Court of Iowa.

June 14, 1989.

John R. Klaus, City Atty., Ames, for appellant.

John L. McKinney, Ames, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and NEUMAN, JJ.

SCHULTZ, Justice.

The dominant issue on this appeal is whether the city assessor and the city Board of Review (the Board) erred in classifying the taxpayer's property as residential for the year 1987, immediately after the district court's September 1986 ruling which held that the property was agricultural rather than residential. The 1986 district court ruling was consistent with the decree rendered on an earlier appeal from the 1981 assessment. Both parties agree that the use of the property remained the same, but the Board of Review and assessor claim that the previous adjudications do not control the classification of the property for subsequent years. We

agree with the district court and the court of appeals that the classification of the property should have remained agricultural. However, we also believe that the decree must be modified and further hearing held to finally determine the proper amount of plaintiff's assessment.

This case revolves around the ongoing dispute between a property owner and the city of Ames assessor's office over the assessment classification of a piece of land. In 1977, plaintiff Martha Cott and her late husband, Arthur Cott, purchased a 10.13–acre property on the western limits of Ames. The original residence was razed and the current home was constructed. The entire property had previously been classified as agricultural, with the residence assessed at residential rates. However, in 1981, after the new residence was built, the assessor changed the classification for the entire tract of land to residential. This assessment was appealed, resulting in a consent ruling which determined that the 0.5–acre homestead should remain residential and the 9.63–acre remainder of the tract would be classified as agricultural. Later, by a stipulated nunc pro tunc order, the court incorporated into the 1981 decree a clarification that there was no intent to divide Cott's land into separate parcels.

In 1984, Cott's son Randy built a residence on this agricultural tract. Later, a one-acre parcel of the land was deeded to him. This construction caused the assessor to again reclassify the 9.63–acre tract as residential for the 1985 assessment. This decision also was appealed to the district court, resulting in a 1986 decree that the one-acre homestead of the son remain as residential land but the 8.63 acres be classified as agricultural.

The ruling determined that this land was used in good faith as agricultural land as defined in rule 730–71.3(3). The court found that a 0.5– to .75–acre area was brome grass and that a 0.5–acre area was used for commercially growing raspberries. The remainder of the plot contained additional areas of woodland, wasteland and pastureland held in conjunction with the

agricultural portion of the real estate pursuant to 730 Iowa Administrative Code rule 71.3(3) [1].

This second ruling, holding the proper classification of the 8.63 acres of the land was agricultural, did not deter the assessor. In 1987, he again classified the entire tract as residential. In an affidavit offered to resist summary judgment, the assessor justified the change by referring to the nunc pro tunc order which combined the entire property to one single taxation parcel and opining the entire parcel's primary use was residential. Plaintiff initiated the present action to challenge this latest assessment classification and was granted summary judgment. The summary judgment ruling let the original 0.5–acre homestead remain as residential and overruled the assessor's reclassification of the 8.63–acre balance of the tract as residential. The Board appealed this grant of summary judgment. The court of appeals affirmed the trial court, and we granted further review.

Appeals of the Board of Review's actions may be taken to the district court which shall hear the appeal in equity and determine anew all questions arising before the Board relating to the liability of the property to assessment. Iowa Code § 441.39 (1987). Our review is de novo. *Power v. Regis*, 220 N.W.2d 587, 589 (Iowa 1974).

█ The Board initially attacks the trial court's decree in treating the property as two tracts, one residential and the other agricultural. As a general rule, we agree that tracts of real estate should not be divided for assessment purposes. We recently indicated that Iowa has adopted the "single tract" assessment concept which pervades the process of listing real property for assessment in the state. *Sevde v. Board of Review*, 434 N.W.2d 878, 879–80 (Iowa 1989). We specified that our statutory language empowers the assessor to combine property tracts for assessment purposes but that no similar authority is granted to divide a single tract of land. *Id.* at 880 (*citing* Iowa Code § 428.7 (1987)).

The legislature has laid out the following scheme for the listing and assessment of agricultural property:

[T]he assessors shall report the aggregate taxable values and the number of dwellings located on agricultural land.... [T]he agricultural dwellings located on agricultural land shall be valued at their market value ... and agricultural dwellings shall be valued as rural residential property and shall be assessed at the same percentage of actual value as is all other residential property.

Iowa Code § 441.21(7). The separate dwelling valuation concept in this section dovetails with section 384.1 (1987) of the Taxes and Funds portion of Chapter 384—City Finance. Section 384.1 sets the tax limits for various classes of property and provides:

Improvements and personal property located on [agricultural land within the city limits] and not used for agricultural or horticultural purposes and *all residential dwellings* shall be subject to the same rate of tax levied by the city on all other taxable property within the city.

(Emphasis added.) Additional language in section 384.1 provides a limitation on the tax levied by the city on tracts of land and improvements thereon used for agricultural or horticultural purposes.

As applied to land classified as agricultural, we interpret these sections to require the assessor to arrive at two appraisals, one for the land and the other for the residential dwelling. We believe that the legislature is striving to treat all dwelling owners equally, whether their home is located in a rural area, on residential city property or on agricultural city property. While the legislature does not prescribe the clerical mechanics, it obviously intended this process be accomplished without dividing the land into separate parcels for listing purposes.

█ In the case before us, the assessor relies upon the single tract assessment concept to justify a reclassification of the land. This action is contrary to the previous judi-

---

**1.** This agency number is currently 701 Iowa Administrative Code (Revenue Department).

cial decisions. In both cases, the trial court divided the real estate and classified the portion containing over 90% of the total parcel as agricultural and the remainder as residential. The assessor reclassified the real estate without any change in the property's use. The question is whether the single tract assessment concept is so set in stone that it justifies the assessor in effecting a reclassification of the real estate.

We believe that the unique facts of this case require an exception to the general rule of single tract assessment. The assessment and classification of this real estate, part residential and part agricultural, arose out of a classification dispute. The dominant issue in each prior case was the primary use of the real estate. The dwelling was assessed as residential property subject to the same rate as other residential property within the city. *See* § 384.1. As to the real estate, Cotts believed they were entitled to the lower rate applicable for agricultural property. While the court decrees may have improperly divided the tract of real estate, the unappealed rulings, right or wrong, finally settled the classification issue for those two years. The propriety of dividing the land for assessment purposes was not an issue in those cases. At best, the division of the property served as a means to arrive at a classification. Under such circumstances, we conclude the assessor should not use the claimed need for unification of the tracts as a basis to change the classification status quo.

The assessor and the Board assert that these judicial decisions have no effect on the 1987 reclassification. They note Iowa Code section 428.4 (1987) provides that "[i]n any year ... it shall be the duty of the assessor to ... reassess ... any real estate ... that the assessor finds was incorrectly ... assessed." They contend the 1986 decree has no preclusive effect.

■ We agree that the previous decrees have no preclusive effect on subsequent tax assessments. We have held a judicial decision on one year's tax is not res judicata for subsequent years because each tax year is an individual assessment which does not grow out of the same transaction. *Board of Supervisors v. Sioux City Stock Yards Co.*, 223 Iowa 1066, 1074, 274 N.W. 17, 22 (1937) (*citing City of Davenport v. Chicago, Rock Island & Pacific Ry. Co.*, 38 Iowa 633 (1874).

■ However, we believe the Board is wrong in urging that the past agreement and judicial decisions carry forward no presumptions. A classification in one year is competent and persuasive evidence of the proper classification in a subsequent year. *See* 16 E. McQuillin, *The Law of Municipal Corporations* § 44.111, at 392 (rev. 3d ed. 1984) (prior valuations, although they have no binding effect in making a subsequent valuation, are competent and persuasive evidence of value in a subsequent year). In cases involving valuation, it has been held that in the absence of a showing of change in value, it is presumed that a valuation fixed by the court continues to be the true value of the property in subsequent years. *Pitney v. State Bd. of Tax Appeals*, 136 N.J.L. 157, 158–59, 55 A.2d 6, 7 (1947); *People v. Miller*, 166 Misc. 253, 254–55, 2 N.Y.S.2d 444, 445–46 (1937).

■ While these cases involve valuation, the same reasoning is equally applicable to classifications. When it is admitted that the use of the real property is the same as it was in the prior years when the court adjudicated its classification, there is a strong presumption that no change has occurred. The court should not be obligated to reexamine the same facts again and again. A condition once shown may be presumed to continue until the contrary is shown. *Pfarr v. Standard Oil Co.*, 176 Iowa 577, 582, 157 N.W. 132, 133 (1916). We have repeatedly recognized this presumption of continuity. *Lamp v. Lempfert*, 259 Iowa 902, 907, 146 N.W.2d 241, 245 (1966); *State v. Kindy Optical Co.*, 216 Iowa 1157, 1161, 248 N.W. 332, 334 (1933); *Barish v. Barish*, 190 Iowa 493, 495, 180 N.W. 724, 725 (1920); *Adams v. Junger*, 158 Iowa 449, 458, 139 N.W. 1096, 1100 (1913).

In this case, the city does not dispute the 1986 decision holding that the Cotts' property should be classified as agricultural.

In the resistance to Cott's motion for summary judgment, the city assessor refers primarily to the nunc pro tunc order which stated that the consent decree division was merely to settle a tax appeal for the year 1981. As we previously indicated, this order represented no change in circumstances. He also urged that the raspberry business seemed to be the activity of the deceased Arthur Cott. However, the 1987 tax year commenced prior to Arthur Cott's March 1987 death, making his subsequent death irrelevant for 1987 assessment purposes. Regardless, the assessor could not presume that the raspberry business would not continue.

Under such circumstances, we find no genuine issue of material fact. We believe the plaintiff was entitled to summary judgment as a matter of law. Although she had the burden of proof to show the classification was incorrect, she also had the presumption of continuity. There was no relevant evidence that at the time of reclassification, the use of the property had changed.

We do not believe the city assessor is acting in the best interest of either the city or the taxpayer by refusing to accept an unappealed court ruling given less than four months before the new assessment date. If he disagreed with the court's decision, he should have appealed, rather than obstinately asserting his right to reclassify the property. This action by the assessor, affirmed by the local Board of Review, is contrary to the best interests of the community and the taxpayer, who must at considerable expense, continually relitigate the same issue.

Consequently, we affirm the district court's summary judgment. This matter must be remanded, however, to the district court. As we indicated in *Sevde*, on the trial of an assessment appeal in the district court under Iowa Code section 441.39 (1987), the court is required to make a final determination of the proper assessment, relating back to the time when the assessment was required to be made. We remand the matter back to the district court to determine that amount and to enter a decree in accordance with this decision.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AND REMANDED.