Thomas S. COLVIN and Sonya
M. Colvin, Appellees,

v.

STORY COUNTY BOARD OF
REVIEW, Appellant.

No. 01–1376.

Supreme Court of Iowa.

Nov. 14, 2002.

James E. Brick of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellant.

Mark E. Truesdell and Eldon L. McAfee of Beving, Swanson & Forrest, P.C., Des Moines, for appellees.

STREIT, Justice.

Thomas and Sonya Colvin own land that was reclassified from agricultural to residential in 1999. The district court affirmed the Story County Assessor's reclassification. While the appeal was pending in our court, Colvins brought suit challenging their 2000 tax assessment. Upon receiving a favorable ruling restoring their agricultural classification, Colvins dismissed the 1999 appeal. The Board of Review now appeals the judgment of the 2000 tax assessment challenge. Colvins did not present any evidence to show the character or use of their property changed between the 1999 and 2000 assessments. We reverse the district court's determination that Colvins' property should be classified as agricultural.

## I. Background and Facts

Thomas and Sonya Colvin own property that was classified as agricultural until 1999 when the Story County Assessor reclassified the property as residential. Colvins unsuccessfully protested the 1999 tax year change in classification to the Story County Board of Review and in district court. While the case was on appeal to our court, Colvins protested the 2000 tax assessment. This tax year assessment reflected increased valuation for their residential property. The district court agreed with Colvins that the property was agricultural and reversed the Board's decision. Colvins then dismissed their pending appeal of the 1999 tax assessment.

The Board appeals. It argues the district court ruling upholding the 1999 residential classification—now unappealed—precludes the Colvins from relitigating the same issue for their 2000 tax assessment. Colvins argue they are not precluded from relitigating the classification of their property.

## II. Scope of Review

■ We review appeals from the Board of Review's decision de novo. *Cott v. Bd. of Review*, 442 N.W.2d 78, 80 (Iowa 1989).

## III. The Merits

■ The Board argues that the doctrine of res judicata prevents the Colvins from challenging their 2000 tax assessment. Colvins argue because they did not have a full and fair opportunity to litigate the issues in the 1999 tax assessment challenge, their current challenge is not precluded.[1] In the Colvins' 2000 challenge,

---

1. Colvins argue because they did not have counsel to represent them in the first proceeding, they did not have an opportunity to fully and fairly litigate the issue of classification. This contention is without merit. We do not apply different standards for represented litigants than we do for those who choose to proceed pro se. *See Metro. Jacobson Dev.*

the district court found issue preclusion was inapplicable. The court reversed the Board's classification of Colvins' property as residential. We first must determine whether each tax year presents a new cause of action for an owner or taxpayer of property who is dissatisfied with an assessment.

## A. Applicable Legal Standard

■■■ The parties' identification of issue preclusion as the applicable legal doctrine for this case is misplaced. The doctrine of res judicata embraces the concepts of claim preclusion and issue preclusion. *Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 516 (Iowa 1998). Under claim preclusion, a *final judgment* is conclusive in subsequent actions on the parties or their privies as to any claim or cause of action that was litigated or could have been litigated in the first action. *Arnevik v. Univ. of Minnesota Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002) (citing *Bennett*, 586 N.W.2d at 516); *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998). For this doctrine to apply, the same cause of action must be involved in the prior and subsequent lawsuits. *State v. Delaney's, Inc.*, 668 So.2d 768, 771 (Ala.Civ.App.1995). Under the doctrine of issue preclusion, also known as collateral estoppel, parties and their privies may not continue to relitigate *issues* previously decided in litigation. *Van Oort Constr. Co. v. Nuckoll's Concrete Serv., Inc.*, 599 N.W.2d 684, 689 (Iowa 1999) (citation omitted).

■■■ Claim preclusion does not apply here because the same cause of action is not involved in both lawsuits. The taxes of separate years do not grow out of the same transaction. *See Keokuk & W. R.R. v. Missouri*, 152 U.S. 301, 314, 14 S.Ct. 592, 597, 38 L.Ed. 450, 456 (1894) ("A suit

for taxes for one year is no bar to a suit for taxes for another year. The two suits are for distinct and separate causes of action."); *Delaney's, Inc.*, 668 So.2d at 772 (quoting *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598–601, 68 S.Ct. 715, 719–21, 92 L.Ed. 898, 906–07 (1948)) ("Each [tax] year is the origin of a new liability and of a separate cause of action."); *City of Davenport v. The C., R.I. & P.R.R.*, 38 Iowa 633, 639–40 (1874); *County of Douglas v. Neb. Tax Equalization & Review Comm'n*, 262 Neb. 578, 635 N.W.2d 413, 425 (2001) (judgment that property is tax exempt in any one year is not res judicata on question of whether it is tax exempt in subsequent years); *Liberty Healthcare Mgmt. Group Inc. v. Fahey*, 257 A.D.2d 964, 684 N.Y.S.2d 638, 639 (N.Y.App.Div.1998) (because each assessment is a separate proceeding, a "judgment fixing the tax value of property for taxation in one year, although evidence of its assessed value for a succeeding year, does not enjoy res judicata effect"). We have said before,

> previous decrees have no preclusive effect on subsequent tax assessments.... [A] judicial decision on one year's tax is not res judicata for subsequent years because each tax year is an individual assessment which does not grow out of the same transaction.

*Cott*, 442 N.W.2d at 81. That is, a tax liability judgment for a previous year is not conclusive with respect to a subsequent tax year under the doctrine of claim preclusion.

■■■ Issue preclusion likewise is not applicable to the case before us. When the doctrine of issue preclusion applies, parties may not relitigate issues already litigated and decided. This is because where a particular issue of fact is litigated and decided, the judgment estops both parties

*Venture v. Bd. of Review*, 476 N.W.2d 726, 729 (Iowa Ct.App.1991).

from later relitigating the same fact. *City of Davenport*, 38 Iowa at 640. The entire premise of issue preclusion is that once an issue has been resolved, there is no further fact-finding function to be performed. 50 C.J.S. *Judgment* § 779, at 336 (1997). Issue preclusion is applied regardless of whether facts have changed since the former, final judgment.

The applicable legal standard for Colvins' tax assessment challenge is a rebuttable presumption that the use of the property has remained the same since the time the assessor reclassified the property in 1999. *See Cott*, 442 N.W.2d at 81. The Story County Assessor assessed Colvins' property in 1999. Colvins initially challenged this assessment. One year later, their property was reassessed at $34,300 higher than it was in 1999. Because of the reassessment for a new tax year, Colvins had a right to challenge the decision. Iowa Code section 441.37(1) explicitly grants to a property owner the chance to protest a property tax assessment each tax year. Iowa Code § 441.37(1) (2001). A dissatisfied property owner or taxpayer may file a protest with the board of review. *Id.* We now turn to whether Colvins have presented evidence on appeal to rebut the presumption of continuity of the condition and use of their land.

## B. Presumption of Continuity of Use or Condition

 In 1999, the county assessor reclassified the Colvin property as residential. Finding the highest and best use of the property is residential, the district court affirmed the Board's residential classification. Though Colvins initially

pursued an appeal of the district court's findings, they dismissed the appeal after receiving a favorable ruling on their 2000 tax assessment challenge. While each new tax year presents a new and separate cause of action, Colvins must overcome the presumption of continuity of use. In the absence of a proven change in the use of their property between 1999 and 2000, we presume the use has remained the same since the 1999 unappealed residential classification was made. *See, e.g., Cott*, 442 N.W.2d at 82 ("if [county assessor] disagreed with the court's decision, he should have appealed, rather than obstinately asserting his right to reclassify the property"). "[A] classification in one year is competent and persuasive evidence of the property classification in a subsequent year." *Id.* at 81.

 Contrary to Colvins' suggestion and the trial court's ruling, this presumption is not one of correctness of the original 1999 reclassification. Rather the presumption is an evidentiary one.

> When it is admitted that the use of the real property is the same as it was in the prior years when the court adjudicated its classification, there is a strong presumption that no change has occurred. The court should not be obligated to reexamine the same facts again and again. A *condition* once shown may be presumed to continue until the contrary is shown.

*Id.* We presume the use of Colvins' property has not changed since the reclassification.[2] To succeed on appeal, Colvins must rebut this presumption by proving the use of their property has changed since 1999

2. This situation is similar to when a party requests modification of a dissolution decree. The terms of a dissolution decree are subject to modification only where a party can show a substantial change in circumstances occurred after the court entered the dissolution decree. *In re Marriage of Maher*, 596 N.W.2d 561, 564–65 (Iowa 1999). The party pursuing modification must also show the changed circumstances were not within the court's contemplation at the time the decree was entered. *Id.*

and, as such, the property should now be classified as agricultural. *See id.*

■■■ When the assessor reclassified Colvins' property as residential, he considered a number of factors regarding the character and use of the property. *See* Iowa Admin. Code r. 701–71.1(1) (The classification of real estate shall be based on the "best judgment of the assessor" and he or she should consider the use of the property). Agricultural real estate is land that is "in good faith primarily used for agricultural purposes." *Id.* r. 701–71.1(3). The county assessor is guided by other factors in determining whether a taxpayer is using the property agriculturally in good faith. *See, e.g., Bystrom v. Union Land Invs., Inc.,* 477 So.2d 585, 589 (Fla.Dist.Ct. App.1985) (quoting *Straughn v. Tuck,* 354 So.2d 368, 370 (Fla.1977)) (" '[U]se' is still the guidepost in classifying land, although other specifically enumerated factors related to use may also be considered."). In addition to actual use of the property, "good faith" may also include the following: (1) is the parcel set off and awaiting development; (2) what permitted uses does current zoning allow; (3) if the parcel is being offered for sale, or if it were, would it be viewed by the marketplace as other than agricultural; (4) how does the

land conform to other surrounding properties; (5) what is the actual amount of income produced and from what sources; and (6) what is the highest and best use of the property.[3]

In the 1999 assessment of Colvins' property, the following was shown. Colvins purchased their home on five acres of real property in 1982. They farmed all tillable portions of this land. In 1987, Colvins purchased two more farmable acres of land. They built a farm shed on the property. Since 1983, Colvins raised crops on the acreage. Colvins raised livestock on the property in 1999 and 2000. The county assessor reclassified Colvins' property as residential in 1999.[4] The district court affirmed this finding the highest and best use of Colvins' property is residential.

■■■ The only change in Colvins' land that occurred between 1999 and 2000 is the value of the land increased. However, Colvins do not challenge the valuation of the property. Evidence that the *valuation* changed during this time does not show use of the land has changed warranting a new classification.

Colvins admit the use and condition of their property has not changed since the

---

3. Colvins challenge the county assessor's use of these factors in 1999 asserting they are not within the contemplation of Iowa Administrative rule 701–71.1(1). We do not reach this issue because Colvins did not appeal the 1999 assessment to our court.

4. The assessor came to this conclusion after considering the Story County Assessor's guidelines. The appraiser for the Story County Assessor's office stated that the factor given the most weight is the income potential of the real estate. The record shows the rent of the tillable portions of the property is worth approximately $150 per acre per year. On the other hand, the portion of the property upon which the house is located is worth approximately $450 per month in rent. The appraiser also stated how the marketplace would

treat the real estate is important. The county assessor stated the Colvin property, like the majority of the surrounding lots, is worth a "tremendous amount of money" for the opportunity to build a house upon the property. In determining whether a property owner is in good faith trying to make a profit or whether the use is merely a hobby, the appraiser considered whether the type of enterprise carried out on the property is intense. Finally, the appraiser considered the highest and best use of the property in classifying the real estate. The county assessor testified there is a trend in accelerating property values for rural residential property. He stated the rural residential property is worth a "tremendous amount of money" because the bulk of people want to live in the rural areas.

351

1999 reclassification. The facts show the use and condition of their property remained substantially static. Because Colvins presented no evidence to show the character or use of the land changed in 2000, the district court erred in finding the Board wrongfully classified Colvins' property as residential. There is no injustice in preventing the Colvins from relitigating the reclassification of their property because they had the opportunity to do so in 1999. If Colvins wanted to challenge the residential reclassification they should have pursued the appeal of the 1999 tax assessment. Having not done so, it is too late now to make this challenge absent proof that the use or condition of the land has changed. Because Colvins failed to present evidence to rebut the presumption that the use of the land has remained the same since the 1999 reclassification, we find the district court should have affirmed the Board's residential reclassification.

## IV. Conclusion

Because each tax year stands as a separate cause of action, claim preclusion does not work to bar Colvins' appeal. To be successful, Colvins must prove the use of their property has changed to rebut the presumption of continuity and warrant a different property classification. The necessary showing is absent in this case. Because there is no evidence to show the use changed between the 1999 and 2000 tax assessments, the district court erred in reversing the Board's residential classification of Colvins' property.

**REVERSED.**