# IN THE COURT OF APPEALS OF IOWA

No. 17-0665
Filed March 21, 2018

**JAY DRIESEN and RAYMOND EHRMAN,**
        Plaintiffs-Appellants,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES, MISTY SPOONER, and SHAYNE MAYER,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Lyon County, Jeffrey A. Neary, Judge.

        Two men appeal the dismissal of their elderly-abuse petition.  **AFFIRMED.**

        Jay Driesen, Inwood, and Raymond Erhman, Freeman, South Dakota, appellants pro se.

        Robert M. Livingston of Stuart Tinley Law Firm, L.L.P., Council Bluffs, for appellee Shayne Mayer.

        Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal is from a district court order dismissing the third of three related actions. The plaintiffs contend the district court's rulings in the first two actions were erroneous.

The first action was filed by the State to obtain protective services for an elderly man with Alzheimer's disease who was unable to care for himself. *See* Iowa Code § 235B (2017). Following a hearing, the district court concluded the man was a dependent adult subject to dependent adult abuse. The court voided a power of attorney the man had given two individuals, Ray Ehrman and Jay Driesen.

The second action, also filed by the State, sought an involuntary guardianship and conservatorship to manage the man's affairs. The district court ultimately granted the petition. The order is the subject of a separate appeal.[1]

The third action was filed by Ehrman and Driesen against the Iowa Department of Human Services, its employee Misty Spooner, and Lyon County Attorney Shayne Mayer. The suit was filed under the auspices of Iowa Code chapter 235F, which authorizes "a vulnerable elder or a substitute petitioner" to seek relief from elder abuse. *See* Iowa Code § 235F.2(1). Ehrman and Driesen alleged the State defendants and the county attorney overreached in seeking to (1) find the elderly man a dependent adult subject to dependent adult abuse, (2) void their power of attorney, and (3) appoint a guardian and conservator.

---

[1] *See In re Guardianship & Conservatorship of R.K.,* No. 17-0647.

The department and Spooner moved to dismiss the petition on the ground they were not properly served with process. They also asserted the petition was an impermissible collateral attack on the first two actions and chapter 235F did not authorize an action against them. Mayer appeared through counsel and joined in the collateral attack argument. Following a hearing, the district court granted the motion to dismiss (1) for lack of proper service on the department, (2) as an impermissible collateral attack on the order in the first action, and (3) as a potentially inappropriate use of Iowa Code chapter 235F. Ehrman and Driesen filed a rule 1.904(2) motion for enlarged findings and conclusions. *See* Iowa R. Civ. P. 1.904(2). The district court summarily denied the motion and this appeal followed.

Ehrman and Driesen challenge the rulings in the first two actions and contend the district court in the third action could not "refuse to hear the[ir] known material claims." The State defendants again assert the third action was an "impermissible collateral attack" and an "inappropriate use of chapter 235F." They do not reprise their lack-of-service argument.[2] Mayer argues the appeal was untimely. He also raises the "collateral attack" and "inappropriate use" arguments made by the State defendants.

---

[2] At the hearing, counsel for the department and Spooner stated Spooner was served with process the day before. The record reflects Spooner was served but only as a representative of the department and not in her individual capacity. Spooner was not a presiding officer, clerk, or secretary for the department; she attested she was a child and adult protective worker. *See* Iowa R. Civ. P. 1.305(13) (stating service on "a governmental board, commission or agency" is to be effected by "serving its presiding officer, clerk or secretary"). Nonetheless, the State did not and does not challenge the district court's exercise of personal jurisdiction over Spooner. The State also does not raise the absence of service on the department, notwithstanding that service through Spooner was improper. We conclude the issue of personal jurisdiction has been waived. *See Klinge v. Bentien*, 725 N.W.2d 13, 16 (Iowa 2006).

Preliminarily, we address the timeliness of the appeal. "[A] party must ordinarily file a notice of appeal within thirty days of the filing of the final order or judgment." *Homan v. Branstad*, 887 N.W.2d 153, 159-60 (Iowa 2016) (citing Iowa R. App. P. 601(1)(b)). A rule 1.904(2) motion to enlarge or amend the findings of fact or conclusions of law tolls the time for filing the appeal until the court rules on the motion. *Id.*

In the past, the rule 1.904(2) motion also had to be "proper" to toll the appeal period. *Id.* Effective March 1, 2017, the Iowa Supreme Court amended the rules to delete this requirement. Iowa R. Civ. P. 1.904 cmt. ("Rules 1.904(3) and 1.904(4) supersede prior case law that held a timely rule 1.904(2) motion must also have been 'proper' to extend the time for appeal."). Mayer's argument on the untimeliness of the appeal is premised on the propriety of the plaintiffs' rule 1.904(2) motion. Because propriety is no longer an issue under the rule, we conclude the concededly timely motion tolled the time for filing an appeal. The appeal was filed within thirty days of the district court's ruling on the rule 1.904(2) motion. The appeal was timely.

We turn to the collateral attack argument. According to the State defendants, "The issues raised by Plaintiff-Appellants in this case were exactly the ones they raised in the previous cases and the district court was correct in not letting them try those issues for a third time." Mayer raises the same contention. Their assertions implicate the doctrine of issue preclusion.

Issue preclusion prohibits parties from re-litigating issues "already litigated and decided." *Colvin v. Story Cty. Bd. of Review*, 653 N.W.2d 345, 348 (Iowa 2002). "The entire premise of issue preclusion is that once an issue has been

resolved there is no further fact-finding function to be performed." *Id.* at 349. Like the district court, we will focus on the first action which was litigated to conclusion before the district court dismissed the third action.[3]

Ehrman and Driesen intervened in the first action. They challenged the State's request to find the elderly man subject to dependent adult abuse and they challenged the request to void their power of attorney. The district court held an evidentiary hearing at which Ehrman and Driesen testified. As noted, the district court granted both of the State's requests. In finding the elderly man a dependent adult, the court stated:

> The testimony of the medical providers is overwhelming concerning [the man's] current diagnosis of dementia/Alzheimer's and chronic leukemia. [He] is at the middle stage of his Alzheimer's disease resulting in an absolute loss of his short-term memory. [He], however, does have good physical health and has his long-term memory. However, as confirmed by [his physician, he] needs 24/7 supervision and care. Based upon his complete lack of short-term memory, he is a danger to himself and is unable to provide daily care. [The physician's] testimony is corroborated by the social worker who has conducted tests on [him] confirming his short-term memory loss. [He] is unable to recognize his daily care providers from day to day. The clear and convincing evidence is also supported by the testimony of Misty Spooner and the Lyon County deputies that have observed [his] residence. This residence is uninhabitable based upon the hoarding behavior of [the man] and the extreme bad conditions of the home. Utilities are not functioning. It appears that there is no access to a bed or toilet in the residence. Likely, as confirmed by the guardian ad litem report, [he] was sleeping in his minivan. The guardian ad litem report, along with other reports from Canton individuals, makes clear that [he] was not caring for himself and was at risk due to his behaviors in the community.

---

[3] At the time of the district court's dismissal order, a final ruling had yet to be entered in the second action.

In continuing an injunction prohibiting Ehrman and Driesen from using the powers of attorney granted to them, the court noted the man's "decision-making capacity" was "impaired."

Ehrman and Driesen did not appeal the ruling. Instead, they filed the third petition, alleging the elderly gentleman was abused by "[t]he continued attempt to characterize [him] as mentally incompetent and unable to care for himself." They also alleged his right "to contract by way of limited Power of Attorneys" was not "impair[ed]." These were precisely the issues raised and litigated in the first action. As the district court stated, Ehrman and Driesen "seek to raise in this action the same issues that were adjudicated in the first action filed by the State." They "seek an order of this court requiring the named Defendants to discontinue providing protective services to [the elderly gentleman] and requiring them to discontinue their attempts to obtain a ruling that he is incompetent." They "seek to rescind an injunction preventing them from utilizing a power of attorney given them by [the man]. . . . [T]his action amounts to an impermissible collateral attack on [the order in the first action]." We discern no error in the court's conclusion.

In affirming the district court, we have considered Ehrman and Driesen's apparent reliance on procedural improprieties in the first action as grounds for reaching the merits in the third action. It is true a judgment without jurisdiction over the subject matter is void and void judgments are subject to collateral attack. *In re Estate of Falck*, 672 N.W.2d 785, 789 (Iowa 2003). But the claimed irregularities in the first action did not implicate the district court's subject matter jurisdiction; they implicated questions of personal jurisdiction which, as noted, may be waived. *Id.* In addition, "[t]he res judicata consequences of a final unappealed judgment

are not altered by the fact that the judgment may have rested on incorrect legal principles." *Spiker v. Spiker*, 708 N.W.2d 347, 356 (Iowa 2006) (quoting *In re Bisenius*, 573 N.W.2d 258, 260 (Iowa 1998)).

We affirm the dismissal of the third petition on issue preclusion grounds. Our conclusion makes it unnecessary to address the appellees' additional arguments in support of affirmance.

**AFFIRMED.**