**Cindy L. ARNEVIK, Appellant,**

v.

**UNIVERSITY OF MINNESOTA BOARD OF REGENTS and University of Minnesota, Appellees.**

No. 00–0682.

Supreme Court of Iowa.

April 3, 2002.

Randall E. Nielsen of Pappajohn, Shriver, Eide & Nicholas, P.C., Mason City, for appellant.

Rustin T. Davenport of De Vries, Price & Davenport, Mason City, for appellees.

STREIT, Justice.

An employee of the University of Minnesota tries to take a second bite of the apple after her first indemnification action again the University failed. Cindy Arnevik was involved in a car accident causing serious injury to the driver of another car. After the driver recovered damages for her injuries from Arnevik, Arnevik sued her employer for indemnification based on the principle of respondeat superior. The district court dismissed this action and Arnevik did not appeal. She now pursues an alternate theory of indemnification based on contract. Because we find her present claim is barred by the theory of claim preclusion, we affirm.

## I. Background and Facts

Cindy Arnevik, a resident of Iowa, was employed by the University of Minnesota as an extension education employee since 1988. On October 14, 1994, Arnevik was traveling to work in her car from her home in Iowa to deliver plants to test plots near Wells, Minnesota. As part of Arnevik's employment, she was required to travel throughout Minnesota and sometimes into Iowa for field visits and meetings. Arnevik did not drive directly to Wells, but instead stopped in Buffalo Center, Iowa, to meet her husband for breakfast. She then made her way to Wells. As she was driving, she became distracted by plant materials tipping over in the car, drove her car across the centerline, and collided nearly head-on with a car driven by Melissa Johnson.

In June 1996, Johnson sued Arnevik seeking compensation for her injuries. Arnevik informed her district director, Larry Tande, about the accident and the lawsuit. Tande informed certain individuals at the University of Minnesota. Arnevik filed a cross-petition in the Johnson lawsuit against the University. In this action, Arnevik claimed the University was legally responsible to defend and indemnify Arnevik for her negligence while she was acting within the scope of her employment. The University filed a motion for summary judgment which the district court granted on March 17, 1997. The court stated it could find no authority to allow an employee to bring an indemnification suit against the employer for damage to a third party caused by the employee's negligence. Therefore, the court ruled Arnevik failed to state a claim upon which relief could be granted. Arnevik did not appeal this ruling.

After she lost, Arnevik researched the University's policies on legal defense of employees. On June 5, 1997, Arnevik's new attorney demanded the University indemnify Arnevik based on the University of Minnesota Board of Regents' policy regarding legal defense of employees. The University informed Arnevik on August 20, 1997, that Arnevik was not eligible for defense or indemnification under this policy.

Arnevik settled with Johnson in Winnebago County, Iowa, for $100,000 from Arnevik's personal automobile insurance carrier, $100,000 directly from Arnevik's personal funds, and $20,000 from her underinsurance carrier. Arnevik then sued the University a second time seeking indemnification for the amount she paid to Johnson. Arnevik again demanded indemnification but she based her claim on the terms of the University's policy regarding legal defense of employees. After trial, the court ruled in favor of the University and dismissed Arnevik's petition. Arnevik appeals contending the trial court erred in finding her contract claim was barred by the doctrine of claim preclusion.

## II. Scope of Review

██ This case was tried as a law action before the district court. Therefore, our review is for correction of errors at law. *Equity Control Assocs., Ltd. v. Root,* 638 N.W.2d 664, 670 (Iowa 2001) (citations omitted). " 'The trial court's findings have the effect of a special verdict and are binding if supported by substantial evidence.' " *Id.* (quoting *Land O'Lakes, Inc. v. Hanig,* 610 N.W.2d 518, 522 (Iowa 2000)). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *State v. Bonstetter,* 637 N.W.2d 161, 165 (Iowa 2001). We are not bound by the trial court's legal conclusions. *Root,* 638 N.W.2d at 670. However, we will construe the trial court's findings broadly in favor of upholding the judgment. *Id.*

## III. The Merits

██ Arnevik claims the trial court erred when it dismissed her second lawsuit. In particular, she argues the court erred in finding her contract claim was barred under the doctrine of claim preclusion. Ar-

nevik also argues the court erred in denying her recovery based on the theory of the University's bad faith failure to consider, investigate, and act upon its obligation to defend and indemnify Arnevik. Finally, she argues the court should have granted her relief pursuant to the Iowa Wage Payment Collection Act. Because we find only the issue of claim preclusion determinative of this case, we will not address these other arguments.

In Arnevik's cross-petition in the Johnson suit, Arnevik argued she was acting within the scope of her employment at the time of the accident. Citing the theory of respondeat superior, Arnevik argued the University was legally required to indemnify Arnevik for her negligence leading to the accident. Later in the second suit, Arnevik argued the University was obligated to defend and indemnify her based on its own policy regarding defense of employees. Because the University failed to provide a defense in the first action, she argued the University breached the written employment contract between Arnevik and the University. The University argued the breach of contract claim was barred under the doctrine of claim preclusion. The district court agreed, finding in both actions Arnevik claimed she was entitled to defense and indemnification by the University.

Arnevik first based her right to indemnification and defense on the theory of respondeat superior. In the second action, she argued entitlement to defense and indemnification based on breach of contract. The court stated, "it is well established that simply asserting a new theory of recovery in a second action will not save the suit from being barred by claim preclusion." Accordingly, the court dismissed Arnevik's petition. On appeal, we must decide whether the principles of claim preclusion apply to the case before us.

The general rule of claim preclusion provides a valid and final judgment on a claim precludes a second action on that claim or any part of it. *See Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 516 (Iowa 1998). The rule applies not only as to every matter which was offered and received to sustain or defeat the claim or demand, but also as to any other admissible matter which could have been offered for that purpose. *Iowa Coal Min. Co. v. Monroe County*, 555 N.W.2d 418, 441 (Iowa 1996). Claim preclusion, as opposed to issue preclusion, may foreclose litigation of matters that have never been litigated. *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998) (claim preclusion bars all matters actually determined in the first action and all relevant matters that could have been determined). It does not, however, apply unless the party against whom preclusion is asserted had a "full and fair opportunity" to litigate the claim or issue in the first action. *Whalen v. Connelly*, 621 N.W.2d 681, 685 (Iowa 2000) (citations omitted). A second claim is likely to be barred by claim preclusion where the "acts complained of, and the recovery demanded are the same or where the same evidence will support both actions." *Id.* (citations omitted). A plaintiff is not entitled to a second day in court by alleging a new ground of recovery for the same wrong. *Id.; Bennett*, 586 N.W.2d at 517 ("a party is not entitled to a 'second bite' simply by alleging a new theory of recovery for the same wrong"). When we consider a defense of claim preclusion, we look for the presence of three factors: the parties in the first and second action were the same; the claim in the second suit could have been fully and fairly adjudicated in the prior case; and there was a final judgment on the merits in the first action. *See* 50 C.J.S. *Judgment* §§ 702, 703, at 242–45 (1997). The absence of any one of these elements is fatal to a defense of claim preclusion. *Id.* § 704, at 246.

We begin by stating the parties to the cross-petition are identical to the parties in the present action. The University and Arnevik were parties in both actions and had the opportunity to litigate any appropriate claims. The first element of the defense of claim preclusion was satisfied.

We must now determine whether Arnevik raised the contract claim or could have raised it in the first action. Arnevik does not now allege any new contract or tort theories occurred based on events arising subsequent to the court's grant of the University's motion for summary judgment on the first claim. Rather, both of her lawsuits stem from the accident with Johnson. The underlying facts in each action are the same. Arnevik claims in both she was acting within the scope of her employment at the time of the accident. Likewise, in both actions, Arnevik claimed she is entitled to defense and indemnification from the University. The only difference between Arnevik's first and second claim is the ground upon which she asserted entitlement to indemnification. In the cross-petition Arnevik argued her rights were based on the theory of respondeat superior. In the present action, she bases her right to indemnification on a contractual theory. Though she bases her right to recovery on different theories, Arnevik requested the same recovery in both actions. *See Shumaker v. Iowa Dep't of Transp.*, 541 N.W.2d 850, 852 (Iowa 1995) (two actions are the same for purposes of claim preclusion if the recovery demanded in the second claim is the same as that demanded in the first).

Arnevik argues she could not have brought the contract claim in the first action because she was allegedly unaware of the University's policy at the time she filed the cross-petition. The record shows

the University's policy on defense of employees was available on the internet in 1994. Tande, Arnevik's district director at the University, testified Arnevik was aware the policy was available on the internet. In fact, University employees, including Arnevik, are made aware of the availability of University policies on the internet during employee orientation. Moreover, Arnevik could have obtained a copy of the policy through her supervisor or human resource department contact.

In any event, Arnevik's knowledge, or lack thereof, of the policy is not determinative of this case. There are no allegations the University concealed the University's policy on "Legal Defense of Employees." Furthermore, it was Arnevik's duty to explore and discover all of her possible causes of action and to bring them at the same time she brought her first claim. *See Iowa Coal Min. Co.*, 555 N.W.2d at 441. Contrary to Arnevik's assertion, prior resolution of the Johnson litigation was not necessary before she could bring her claim based on the policy. Since Johnson was already pursuing recovery from Arnevik, the issue of whether the University was required to defend and indemnify Arnevik was relevant in the first action. Before the court dismissed Arnevik's claim against the University, Arnevik could have engaged in discovery to determine other possible avenues of recovery. There was nothing to prevent Arnevik from litigating based upon the University's indemnification and defense policy at the time she filed her cross-petition against the University.

Arnevik now asks that we disregard the final judgment on the merits in the first action and allow her to bring her second claim because she was unaware of the policy at the time of the first action. However,

[t]o hold ... the conclusive effect of a judgment either as an estoppel or as a merger or bar may be escaped by showing even justifiable ignorance of the existence of facts or evidence which might otherwise have been presented, or of other grounds upon which an omitted or rejected claim might have been sustained, is a clear violation of the fundamental policy and purpose of the doctrines of res judicata and collateral attack.

*Guettel v. United States*, 95 F.2d 229, 232 (8th Cir.1938) (quoting 2 *Freeman on Judgments* § 553, at 1178 (5th ed.1925)); *see also Ellis v. State Farm Mut. Auto. Ins. Co.*, 249 Kan. 599, 604, 822 P.2d 35, 39 (1991) ("No principle of law exempts a person from the application of the doctrine of res judicata because the effort to break a single cause of action into two or more parts was due to neglect, accident, mistake, ignorance, or a subsequent change in the law."). To allow claimants a second chance at recovery under these circumstances would open the courts to untold cases as claimants merely assert ignorance and pursue subsequent inventive causes of action. Therefore, the second element of the defense of claim preclusion—the claim in the second suit could have been fully and fairly adjudicated in the prior case—was satisfied.

 Finally, we must determine whether there was a final judgment on the merits in the former proceeding. The trial court stated it was unfortunate Arnevik did not assert her contract claim in the first action. However, once Arnevik started down the path in the first action seeking indemnification from the University, she was required to bring all theories of recovery at that time. *Tigges v. City of Ames*, 356 N.W.2d 503, 509 (Iowa 1984) (litigant's unsuccessful first claim in tort barred subsequent claim in contract). Arnevik had the opportunity to litigate all of

her claims against the University in the first action. She did not simply demand defense and coverage, such as a letter to the University requesting such coverage, and then sued for breach of contract. This is not the situation we have before us. Instead, Arnevik attempted, through the formal adjudicatory process, to seek coverage based on the principle of respondeat superior. The court ruled against Arnevik on this theory of recovery. The court rendered a judgment on the merits in the first suit and this judgment is binding on the parties as a valid and final disposition. She may not now relitigate in an attempt to gain coverage simply because she asserted an improper theory in the first action.[1] Thus, the third element of the defense of claim preclusion—requiring a final judgment on the merits in the first action—was satisfied.

Arnevik attempts to strike down the University's defense of claim preclusion arguing her present claim is not barred because different facts were necessary to prove the respondeat superior claim than were necessary to prove her theory in contract. This argument is without merit. It is only important to determine whether the claim could have been brought in the first action, whether the parties involved in both actions are the same, and whether there was a final judgment on the merits in the first action. Even though some of the facts necessary to prove her claim based on contract may be different, that does not change the fact Arnevik was required to bring forth all potential theories of recovery at the time of the first action. *See Iowa Coal Min. Co.*, 555 N.W.2d at 441.

## IV. Conclusion

Despite the fact Arnevik had a full and fair opportunity to litigate her claims in the first action, she did not bring her claim for indemnification based on the University's policy until the present action. Both actions arose from the same transaction, depended on the same underlying facts, and involved the same demand for relief. Consequently, had Arnevik wanted to pursue recovery based on the University policy, it was absolutely necessary for her to raise it in the first action. The mere fact Arnevik now invokes an alternate theory of recovery does not save this claim. We conclude there was substantial evidence to support the district court's conclusion that Arnevik's breach of contract claim was barred by claim preclusion. We affirm.

**AFFIRMED.**

---

1. Arnevik's claim in the cross-petition based on respondeat superior was not a proper application of the legal principle. The doctrine is typically invoked by an injured third party as the basis of liability of an employer for the injuries caused by the acts or omissions of his or her employees. 20 C.J.S. *Employer Employee* § 190, at 269 (1992). Arnevik appeared to argue since a judgment was rendered against her based on injuries to a third person caused by Arnevik during the course of her employment, the University, as her employer, must compensate her for the loss she incurred.