# IN THE COURT OF APPEALS OF IOWA

No. 14-1259
Filed June 24, 2015

**WENDY R. SMOKER, M.D.,**
        Petitioner-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


        Wendy Smoker appeals from the district court's grant of the Iowa Board of

Medicine's motion to dismiss. **AFFIRMED.**


        David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Julie J. Bussanmas, Assistant

Attorney General, for appellee.


        Considered by Vogel P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Wendy R. Smoker, M.D., appeals the district court's grant of the motion to dismiss filed by the Iowa Board of Medicine (the Board). Smoker asserts the court erred in finding her claim—that the Board should reimburse her for expenses incurred when complying with the drug-screening tests—was barred by claim preclusion. We conclude the district court correctly held that claim preclusion bars Smoker's petition, given this issue could have been fully and fairly litigated in the previous action. Therefore, we affirm the district court's grant of the Board's motion to dismiss.

Smoker is by all accounts a well-respected physician, practicing diagnostic radiology at the University of Iowa. She came under review by the Board after she self-reported alcohol dependence and underwent compliance programs but relapsed twice in 2009. The Board, on January 24, 2011, cited her for "excessive use of alcohol." It issued sanctions against her, including the imposition of a civil penalty, the Board's quarterly monitoring fee, a disciplinary hearing fee, and any costs certified by the executive director. It also required she be alcohol and drug screened periodically, "all costs of which shall be paid by [Smoker]."

Smoker sought judicial review on February 21, 2011. In the petition, Smoker listed the Board's disciplinary sanctions, including the fact she must comply with alcohol and drug testing. Specifically, her prayer for relief stated:

> Dr. Smoker is seeking an order:
> Reversing the Board's decision and a dismissal of the case based on multiple grounds under Iowa Code § 17A, the Iowa Constitution and United States Constitution as detailed above;
> Requiring the Board to retract any and all Board press releases or other publications contrary to the evidence in this matter from its website, its new Facebook page, any other

electronic medium, and to contact any third-party internet companies, agencies or entities that has, or may have, cached a copy of said press releases making them available online or otherwise, ensuring said cached copies are removed from circulation;

Contact any and all newspapers who have run articles on this matter and request they publish a redaction indicating the Board's decision was an error and not based on substantial evidence;

Requiring the Board to retract all Board reports regarding this matter from the National Practitioner Database, the Federation of State Medical Boards, and any other notification made pursuant to IAC 653-25 and any of its subsections to include IAC 653-25.32;

AND

Requiring the Board to provide proof to the Court and Dr. Smoker of compliance with its Order in this matter.

She did not seek any monetary damages—that is, payment for the expenses she was incurring, and would continue to incur, to comply with the Board's required alcohol and drug testing. The district court affirmed the agency decision but made no findings with regard to the monies spent by Smoker to comply with the Board's requirements. On appeal to this court, Smoker again sought a list of remedies, as well as to: "Provide a complete refund of Dr. Smoker's $5000.00 fine, with interest along with all other fees paid." Finding the Board's decision on citing her for "excessive use of alcohol" lacked substantial evidence, this court "reverse[d] the decision of the district court and remand[ed] to the Board for entry of an order dismissing the disciplinary action." *See Smoker v. Iowa Bd. of Med.*, No. 12-1216, 2013 WL 1760185, at \*8 (Iowa Ct. App. Apr. 24, 2013).

On July 17, 2013, Smoker petitioned the Board for implementation of several remedies, including refunding "all monies paid to the Board's drug

monitoring program."[1] The Board denied the refund request. On January 8, 2014, Smoker expanded her argument against the Board's denial of payment and submitted her third-party, drug-screening receipts as well as transportation costs. On March 14, the Board again issued an order refusing to pay. Smoker appealed the decision to the district court, and the Board filed a motion to dismiss. The court concluded claim preclusion barred Smoker's request for reimbursement of the drug-test costs payable to a third party—costs that were consumed and therefore not readily refundable—thereby granting the Board's motion. Smoker appeals.[2]

We review rulings on a motion to dismiss for correction of errors at law. *Geisler v. City Council of City of Cedar Falls*, 769 N.W.2d 162, 165 (Iowa 2009).

The issue here is whether Smoker's current claim for the "reimbursement" of drug-testing costs is barred by claim preclusion. With regard to this doctrine, our supreme court has stated:

> Claim preclusion, as opposed to issue preclusion, may foreclose litigation of matters that have never been litigated. It does not, however, apply unless the party against whom preclusion is asserted had a full and fair opportunity to litigate the claim or issue in the first action. A second claim is likely to be barred by claim preclusion where the acts complained of, and the recovery

---

[1] The drug monitoring program encompasses the drug testing, review of the results, and reporting.

[2] On February 24, 2015, the Iowa Supreme Court filed an order requesting briefing on whether, pursuant to *Alvarez v. IBP, Inc.*, 691 N.W.2d 1 (Iowa 2005), the district court's opinion should be summarily affirmed due to the fact the underlying agency record was not transmitted to the district court. Both parties filed briefs. The supreme court then ordered the issue to be submitted with the current appeal. With regard to this issue we conclude that, as set forth in more detail below, claim preclusion applies and bars Smoker from bringing this suit. Moreover, a more detailed record—in the form of the entirety of the underlying documents from the agency proceeding—would not shed more light on this issue. Consequently, it is rendered moot, and there is no need for a remand so the record may be expanded. We also decline to address the issue of whether the Board or Smoker was required to provide the underlying agency record.

demanded are the same or where the same evidence will support both actions. A plaintiff is not entitled to a second day in court by alleging a new ground of recovery for the same wrong . . . . When we consider a defense of claim preclusion, we look for the presence of three factors: the parties in the first and second action were the same; the claim in the second suit could have been fully and fairly adjudicated in the prior case; and there was a final judgment on the merits in the first action.

*Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002) (internal citations omitted).

Based on this standard, claim preclusion bars Smoker's current suit. The first and third elements articulated in *Amevik* are met—the parties are the same and there has been a final adjudication on the merits. *See id.* Moreover, as the district court noted:

[Smoker] knew when she filed her petition for judicial review in the first action that the board had ordered her to comply with drug screens. She knew that there would be costs incurred as part of her compliance with that order. She knew the drug testing costs were made to FirstLab. Whether or not she asked the court to order the board to reimburse her for the costs of complying with the disciplinary order, the court made no such order. She cannot file a second action to order the board to reimburse her for those costs now.

We agree. We first note that, because Smoker's petition for judicial review was filed shortly after the Board's decision, she was only beginning to incur the expenses for the required alcohol and drug testing. Nonetheless, in seeking to have the Board's decision reversed, she could have sought payment of all ongoing expenses; however, she limited her prayer for relief to those requests set out above. The district court, therefore, only considered those issues raised in her first petition for judicial review.

Moreover, in addition to failing to pray for damages in her first judicial-review petition, on appeal to this court, Smoker made no mention of the ongoing expenses associated with complying with the Board's screening requirements. Thus, while the Board imposed very specific penalty fines and fees, Smoker failed to contest the third-party drug-screening costs until the July 17, 2013 motion. Consequently, this issue "could have been fully and fairly adjudicated in the prior case," and thus, claim preclusion bars Smoker's claim. *See id.* Therefore, we affirm the order of the district court granting the Board's motion to dismiss.

**AFFIRMED.**