# IN THE COURT OF APPEALS OF IOWA

No. 19-1594
Filed September 2, 2020

**DELAINE PETERSEN,**
        Plaintiff-Appellant,

**vs.**

**KIRK HUEHN,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Carroll County, Gary McMinimee, Judge.

Delaine Petersen appeals an order granting Kirk Huehn's motion for summary judgment. **AFFIRMED.**

Steven Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellant.

Ryan Stefani of Nyemaster Goode, P.C., Des Moines, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Delaine Petersen appeals an order granting Kirk Huehn's motion for summary judgment on grounds of claim preclusion. We affirm.

## I. Background Facts and Prior Proceedings

Petersen owned a custom-built motorcycle. He sought insurance for the motorcycle from Huehn, an agent of State Farm Automobile Insurance Company (State Farm). Petersen asked for coverage in the amount of $35,000—the value he ascribed to the motorcycle. State Farm issued Petersen a policy covering the motorcycle for the period of April 24, 2014, through April 24, 2015. On or about April 13, 2015, Petersen claims the motorcycle sustained a total loss. Petersen submitted a claim to State Farm requesting $35,000. Petersen alleges State Farm denied coverage.

In March 2018—almost three years after the alleged total loss of the motorcycle—Petersen filed suit against State Farm. In that case, Petersen alleged State Farm denied his claim in bad faith. State Farm removed the case to the United States District Court for the Southern District of Iowa (Southern District). State Farm then filed a motion to dismiss. State Farm argued Petersen's suit was barred by the policy's one-year limitation period. The Southern District agreed and dismissed Petersen's suit. The Eighth Circuit Court of Appeals affirmed. *See Petersen v. State Farm Mut. Auto. Ins. Co.*, 750 F. App'x 517, 518 (8th Cir. 2019).

In July 2018, Petersen filed the present suit against Huehn. Petersen alleges Huehn was negligent in representing to Petersen that he received a stated value policy for $35,000. Because of this negligence, Petersen claims he "has

been deprived of the insurance amount he was told that he had by Defendant Huehn."

Huehn moved for summary judgment. The district court granted the motion on the basis of claim preclusion. Petersen now appeals.

## II. Standard of Review

"[W]e review a district court's grant of summary judgment for correction of errors at law." *Boelman v. Grinnell Mut. Reinsurance Co.*, 826 N.W.2d 494, 500 (Iowa 2013). Summary judgment is proper "when the moving party demonstrates there is no genuine issue of material fact and that [the party] is entitled to judgment as a matter of law." *Id.* at 501. We may resolve a matter on summary judgment if the only conflict concerns legal consequences of undisputed facts. *Id.*

## III. Analysis

In general, "claim preclusion holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). In effect, "a party must litigate all matters growing out of the claim." *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998). And claim preclusion "applies not only to matters actually determined in an earlier action but to all relevant matters that could have been determined." *Shumaker v. Iowa Dep't of Transp.*, 541 N.W.2d 850, 852 (Iowa 1995). So, claim preclusion may bar litigation on matters the parties never litigated in the first claim. *Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002).

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3)

the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Pavone*, 807 N.W.2d at 836. If any element is missing, a defense of claim preclusion will fail. *Arnevik*, 642 N.W.2d at 319.

We start with the first element, whether the parties were the same or in privity. Petersen was the plaintiff in both cases. And, throughout both cases, Petersen has maintained that State Farm and Huehn are principal and agent. Consistent with this approach, Petersen does not deny that State Farm and Huehn are in privity. So we consider the first element satisfied.

We turn next to the second element, whether there was a final judgment in the prior case. This is not disputed, either. The parties agree that the previous action—*Petersen v. State Farm*—ended in a final judgment on the merits. Specifically, the Southern District granted State Farm's motion to dismiss, and the Eighth Circuit affirmed. *See Petersen*, 750 F. App'x at 518. The second element is satisfied.

We turn then to the third and final element. To determine whether a claim could have been fully and fairly adjudicated in the prior case—whether both suits involve the same cause of action—we look at whether there is

> a natural grouping or common nucleus of operative facts. Among the factors relevant to a determination [of] whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. . . . If there is a substantial overlap, the second action should ordinarily be held precluded.

*Pavone*, 807 N.W.2d at 837 (quoting Restatement (Second) of Judgments § 24 cmt. b (Am. Law Inst. 1982)). Even if "different harms, substantive theories,

measures[,] or kinds of relief" are brought, there may still be a single cause of action. *Villarreal v. United Fire & Cas. Co.*, 873 N.W.2d 714, 721 (Iowa 2016) (quoting Restatement (Second) of Judgments § 24 cmt. c). And parties are "not entitled to a 'second bite' simply by alleging a new theory of recovery for the same wrong." *Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 517 (Iowa 1998).

Like the district court, we believe the overlap between the two cases is more than sufficient. Both cases depended on the same allegations of fact, namely, (1) Petersen owned a motorcycle; (2) Petersen valued his motorcycle at $35,000; (3) Petersen wanted insurance that would pay $35,000; (4) Huehn told Petersen he procured a State Farm policy that would pay $35,000; (5) Petersen's motorcycle suffered a total loss; (6) Petersen made a claim with State Farm for $35,000; and (7) State Farm denied the claim. And to a large extent, both cases focus on the same alleged wrongdoing—Huehn's misrepresentation that he procured a policy that would pay $35,000. Plus both cases allege the same basic harm—that Petersen "has been deprived of the insurance amount he was told that he had by Defendant Huehn."[1] As the district court correctly noted, "it is apparent the two

---

[1] This quote comes from Petersen's petition against Huehn. But it also the gist of his action against State Farm. In his petition against State Farm, Petersen alleged: (1) Petersen "believed, through research, his motorcycle was valued" at $35,000; (2) Petersen "sought out insurance" for the motorcycle "that would pay, in the event of a total loss," $35,000; (3) Petersen "very explicitly sought a statement from his State Farm agent," Huehn, "that State Farm would provide such insurance"; (4) Huehn "assured and stated" to Petersen that he "did write . . . a policy of insurance on behalf of State Farm" that "provided the specific coverage" Petersen sought; (5) after the motorcycle allegedly sustained a total loss, Petersen "presented a claim promptly to State Farm claiming a total loss of the motorcycle and the payment of the amount of $35,000"; and (6) even so, "State Farm has denied and continues to deny such demand and paid 0 [sic] for the motorcycle loss." For damages, Petersen sought "the cost of the motorcycle, the lost use of the motorcycle, and punitive damages."

actions stem from the same transaction and that there would have been a substantial overlap of evidence in the two cases." We conclude the third element is satisfied.

On appeal, Petersen suggests the one-year limitation provision is a "personal defense" for State Farm. So, Petersen claims, his defeat in the suit against State Farm does not bar his current suit against Huehn. For support, Petersen relies on Restatement (Second) of Judgments, section 51:

> If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.
> (1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct *unless*:
> (a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or
> (b) *The judgment in the first action was based on a defense that was personal to the defendant in the first action.*

(Emphasis added.)

As a preliminary matter, we have concerns about error preservation. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (noting that courts may consider error preservation on their own motion). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised *and decided* by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (emphasis added). While the district court's ruling mentioned the possibility that State Farm "*might* have a policy defense (limitation of action) that *might* not have been available to Huehn," the

district court did not decide the issue. (Emphasis added.) Nor did Petersen file an Iowa Rule of Civil Procedure 1.904(2) motion. So we doubt Petersen's personal-defense theory was preserved.

Even assuming the issue was preserved, though, we must still affirm unless Petersen has demonstrated error by the district court. *See Clement v. Irwin*, No. 19-1192, 2020 WL 4498860, at *2 (Iowa Ct. App. Aug. 5, 2020) (collecting cases). Petersen has not done so.

Petersen's personal-defense theory is that, by suing his agent, he can obtain the proceeds of an insurance policy without showing he has complied with the terms of a policy, including a suit-limitation provision. Instead, Petersen claims, "he must only prove that Huehn represented an amount of coverage and that he [Petersen] did not get it." These proofs alone, Petersen says, would support "a number of theories," such as "[a]n estoppel," "a contract action," "or misrepresentation action." But Petersen does not support these theories with authority. So we decline to treat them as adequate grounds for reversal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

## IV. Conclusion

Petersen has not shown the district court erred by granting summary judgment to Huehn. We affirm.

**AFFIRMED.**